———————o———————

NEWELL v. RUSK.

EVIDENCE.—It is the peculiar province of the jury to determine questions of value, and when there is conflict in the testimony, the Supreme Court will not disturb their finding.

APPEAL from the *Knox* Common Pleas.

ELLIOTT, J.—*Rusk* sued *Newell,* the appellant, to recover the value of a stock of goods.

Newell *v.* Rusk.

Issue, trial, verdict, and judgment for *Rusk* for $3,000. *Newell* appeals.

The only question presented in the case is the alleged error of the court below in overruling a motion for a new trial, on the ground that the damages assessed by the jury were excessive. The evidence is all in the record. The appellant insists that there was no conflict in the evidence involving either the weight of evidence or credibility of witnesses. *Rusk* purchased the stock of goods of one *Pruitt*, at cost and carriage; an invoice was made of the goods amounting to near $3,000. The appellant claims that the plaintiff's witnesses testified only as to what the goods amounted to at the invoice price, not as to their actual value; while the defendant's witnesses testified as to their actual value, all fixing it at about $1,800. That there was, therefore, no conflict in the evidence, and the verdict of the jury should have been for not exceeding $1,800; that the assessment by the jury of the damages at $3,000 was therefore excessive. We have carefully examined the evidence, and find that at least two of the plaintiff's witnesses testified that the invoice price was the fair value of the goods. There was, therefore, a conflict in the evidence as to the value of the goods. It was the peculiar province of the jury to determine the question from the evidence, and we can not disturb their finding.

The judgment is affirmed, with two per cent. damages and costs.

*Samuel Judah,* for appellant.